IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 95-40576 & 95-41031
Summary Calendar

_____


EDWARD B. LYON, JR.,

                                        Plaintiff-Appellant,


versus

JAMES A. SHAW, JR.; JAMES DUKE;
NOLAN A. PITTCOCK; RICKY JONES;
COFFIELD UNIT, TDCJ-ID; K. COX,
Captain; PHILLIP CRUTCHER,
Lieutenant; A.K. ODEN; T. EDWARDS,

                                        Defendants-Appellees,

and

EDWARD B. LYON, JR.,

                                        Plaintiff-Appellant,

versus

NOLAN A. PITTCOCK,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 6:94-CV-462 & 6:95-CV-382
- - - - - - - - - -
September 26, 1996
Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

    [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent

Edward B. Lyon, Jr., Texas state prisoner #454153, appeals from the district court's entry of judgment as a matter of law on behalf of some defendants, jury verdict in favor of some defendants, and dismissal of his claims against one defendant as frivolous pursuant to 28 U.S.C. § 1915(d) in his civil rights suit.  Lyon argues that the magistrate judge lacked jurisdiction to hear the case, that the magistrate judge erred by dismissing his pendant state claim under the Texas Tort Claims Act, that the jury instruction with regard to his failure-to-protect claim was fundamentally defective, that the magistrate judge erred by entering a judgment as a matter of law in favor of Warden Shaw, that the magistrate judge deprived him of the testimony of two necessary witnesses at trial, that the magistrate judge erred by failing to sequester a defense witness, that he was denied a fair trial because of defense counsel's improper closing argument, that the magistrate judge erred by holding a second Spears hearing on Lyon's claims against defendant Pittcock after Pittcock was severed from the case, and that the magistrate judge erred by dismissing his claims against Pittcock as frivolous pursuant to § 1915(d).  We have reviewed the record and find no reversible error.  Accordingly, the judgment is affirmed for essentially the reasons stated in the memorandum orders entered by the magistrate judge.  See Lyon v. Shaw, No. 6:94cv462 (E.D.

except under the limited circumstances set forth in Local Rule 47.5.4.

Tex. June 6, 1995); <u>Lyon v. Shaw</u>, No. 6:94cv462 (E.D. Tex. June 7, 1995); <u>Lyon v. Pittcock</u>, No. 6:95CV382 (E.D. Tex. Dec. 1, 1995).  Additionally, the magistrate judge's failure to sequester a defense witness and her denial of Lyon's motion for a continuance did not constitute plain error.  <u>See</u> <u>United States v. Wylie</u>, 919 F.2d 969, 976 (5th Cir. 1990); <u>United States v. Shaw</u>, 920 F.2d 1225, 1230 (5th Cir.), <u>cert. denied</u>, 500 U.S. 926 (1991).  Further, Lyon's argument that defense counsel misstated the evidence in his closing argument lacks support in the record.  Nor has Lyon shown plain error from the absence of two inmate witnesses from his trial.  Accordingly, the judgment is AFFIRMED.